U.S. DISTRICT COURT
DISTRICT OF VERMONT
FILED

### UNITED STATES DISTRICT COURT
### FOR THE
### DISTRICT OF VERMONT

2015 JAN 26  PM 4: 11

CLERK

BY _____
DEPUTY CLERK

PEERLESS INSURANCE COMPANY,  )
                             )
            Plaintiff,       )
                             )
      v.                     )      Case No. 2:14-cv-190
                             )
ORDWAY ELECTRIC AND          )
MACHINE, INC.,               )
                             )
            Defendant.       )

### OPINION AND ORDER DENYING MOTION TO INTERVENE
### FILED BY ACADIA INSURANCE COMPANY
(Doc. 2)

Pending before the court is a motion to intervene filed by Acadia Insurance
Company ("Acadia"), seeking either mandatory or permissive intervention in this
declaratory judgment action (Doc. 2). Plaintiff Peerless Insurance Company ("Peerless")
opposes intervention, arguing Acadia has no non-speculative interest in the insurance
policy Peerless issued to Defendant Ordway Electric and Machine, Inc. ("Ordway"),
which is at issue in this lawsuit. Peerless seeks a declaration regarding its coverage and
defense obligations under the policy with regard to Acadia's tort and contract claims
against Ordway in a separate subrogation action. Ordway takes no position on the
motion.

Peerless is represented by Richard J. Windish, Esq. Ordway is represented by
Gary D. McQuesten, Esq. Acadia is represented by Susan J. Flynn, Esq. and Thomas J.
Underwood, Jr., Esq.

### I.    Factual and Procedural Background.

During the relevant time period, Acadia insured Houle Brothers Granite Company,
Inc. ("Houle Brothers"), a manufacturing business in Barre, Vermont, pursuant to a

policy that provided coverage for, *inter alia*, losses to structures on Houle Brothers' property (the "Houle Brothers Policy").

Prior to December 2012, Houle Brothers contracted with Ordway, an electrical company in Graniteville, Vermont, to perform electrical work, including installation of a 240-volt outlet, for a structure on its property. On December 20, 2012, a fire within this structure resulted in extensive damage, allegedly causing Houle Brothers property and income losses of $1,044,092.74. Under the terms of the Houle Brothers Policy, Acadia covered these losses.

On June 3, 2014, Acadia sued Ordway (the "Subrogation Action"), asserting claims for negligence (Count One), breach of the implied warranties of habitability and good workmanship (Count Two), and breach of contract (Count Three). Acadia alleges that Ordway had a duty to exercise reasonable care while performing electrical work on the Houle Brothers' property and during the design, construction, installation, testing, maintenance, and repair of the electrical outlet it installed to ensure that it was reasonably safe for its intended use. The lawsuit alleges that the December 20, 2012 fire resulted from an electrical failure proximately caused by Ordway's negligent acts and omissions.

In the Subrogation Action, Acadia further alleges that Ordway breached its contract with Houle Brothers by installing, constructing, maintaining, repairing, servicing, inspecting, and testing the electrical outlet in the structure in a negligent and unreasonable manner. Acadia asserts that Ordway breached the implied warranties of habitability and good workmanship by failing to perform its work in installing the electrical outlet in a good and workman-like manner and by causing the December 20, 2012 fire that rendered the structure uninhabitable. Acadia claims that it is "legally, equitably and contractually subrogated to the rights of its insured to the extent of its payments" and that it is entitled to recover the $1,044,092.74 it paid to Houle Brothers under the terms of the Houle Brothers Policy. (Case No. 5:14-cv-115; Doc. 1 at 3, ¶ 12.)

During the relevant time period, Peerless insured Ordway pursuant to a policy issued from January 14, 2012 to January 14, 2013 (the "Ordway Policy"). On September 8, 2014, Peerless filed the pending action seeking a declaratory judgment that the Ordway

Policy "does not provide coverage to Ordway . . . for any of the matters or damages alleged" in the Subrogation Action. (Case No. 2:14-cv-190; Doc. 1 at 3, ¶ 1.) Peerless further asserts that it has no duty to defend or indemnify Ordway "under the policy in connection with the allegations" in the Subrogation Action. *Id.* at 3, ¶ 12.

On October 8, 2014, Acadia moved to intervene in this action. (Case No. 2:14-cv-190; Doc. 2.) In opposing intervention, Peerless argued, *inter alia*, that intervention will destroy this court's subject matter jurisdiction because the parties will no longer be of diverse citizenship.[1] On December 15, 2014, the court ordered the parties "to brief whether Acadia's intervention as of right or permissively as a defendant would render the court without diversity, and therefore subject matter jurisdiction." (Case No. 2:14-cv-190; Doc. 26.) Peerless responded to the court's inquiry. (Case No. 2:14-cv-190; Doc. 27.) Acadia did not file a response.

## II.    Conclusions of Law and Analysis.

### A.    Whether Intervention As Of Right Is Warranted.

Acadia seeks to intervene on the grounds that its "ability to collect any damages" in the Subrogation Action is "dependent" on resolution of "the existence of insurance coverage for the claim against Ordway." (Case No. 2:14-cv-190; Doc. 2 at 1-2 & Doc. 7.) Peerless opposes the motion to intervene, arguing that Acadia's interest is contingent upon its success in the Subrogation Action and therefore Acadia is not entitled to intervene as of right and should be denied permissive intervention as its participation in the declaratory judgment action is unnecessary. (Case No. 2:14-cv-190; Doc. 4 & Doc. 17.)

Pursuant to Fed. R. Civ. P. 24(a)(2), a court "must permit anyone to intervene" if that party

---

[1] Peerless is a corporation with its principal place of business in the State of New Hampshire. (*See* Case No. 2:14-cv-190; Doc. 1 at 1, ¶ 1 & Doc. 27-1 at 4.) Acadia is incorporated in the State of New Hampshire with its principal place of business in State of Maine. (*See* Case No. 5:14-cv-115; Doc. 1 at 1, ¶ 1; *see also* Case No. 2:14-cv-190; Doc. 27-3 at 1.) Ordway is incorporated in the State of Vermont with its principal place of business in Graniteville, Vermont. (*See* Case No. 2:14-cv-190; Doc. 27-2.)

claims an interest relating to the property or transaction that is the subject
of the action, and is so situated that disposing of the action may as a
practical matter impair or impede the movant's ability to protect its interest,
unless existing parties adequately represent that interest.

Fed. R. Civ. P. 24(a)(2). A party seeking to intervene as of right must "(1) timely file an
application, (2) show an interest in the action, (3) demonstrate that the interest may be
impaired by the disposition of the action, and (4) show that the interest is not protected
adequately by the parties to the action." *Brennan v. N.Y.C. Bd. of Educ.*, 260 F.3d 123,
128-29 (2d Cir. 2001) (internal quotation marks omitted). "Failure to satisfy *any one* of
these requirements is a sufficient ground to deny the application." *In re Bank of N.Y.
Derivative Litig.*, 320 F.3d 291, 300 (2d Cir. 2003) (internal quotation marks omitted). In
addition, "if a party is not 'necessary' under Rule 19(a) [of the Federal Rules of Civil
Procedure], then it cannot satisfy the test for intervention as of right under Rule 24(a)(2)."
*MasterCard Int'l Inc. v. Visa Int'l Serv. Ass'n, Inc.*, 471 F.3d 377, 389 (2d Cir. 2006).

To show an interest in the pending action, Acadia must demonstrate that its
interest is "direct, substantial, and legally protectable." *Wash. Elec. Coop., Inc. v. Mass.
Mun. Wholesale Elec. Co.*, 922 F.2d 92, 96-97 (2d Cir. 1990). "An interest that is remote
from the subject matter of the proceeding, or that is contingent upon the occurrence of a
sequence of events before it becomes colorable, will not satisfy [Rule 24(a)(2)]." *United
States v. Peoples Benefit Life Ins. Co.*, 271 F.3d 411, 415 (2d Cir. 2001) (internal
quotation marks omitted). Circuit courts and district courts are split as to whether an
injured party who filed suit against an insured (the alleged tortfeasor) may intervene in a
declaratory judgment action brought by the insurance company against its insured.
*Compare Med. Liab. Mut. Ins. Co. v. Alan Curtis LLC*, 485 F.3d 1006, 1008-09 (8th Cir.
2007) (denying motion to intervene); *Mt. Hawley Ins. Co. v. Sandy Lake Props., Inc.*, 425
F.3d 1308, 1311-12 (11th Cir. 2005) (same); *Liberty Mut. Ins. Co. v. Treesdale, Inc.*, 419
F.3d 216, 223, 227 (3d Cir. 2005) (same); *with Sec. Ins. Co. of Hartford v. Schipporeit,
Inc.*, 69 F.3d 1377, 1380-81 (7th Cir. 1995) (granting motion to intervene); *Teague v.
Bakker*, 931 F.2d 259, 261 (4th Cir. 1991) (same).

Generally, "a mere economic interest in the outcome of litigation is insufficient to support a motion to intervene. Thus, the mere fact that a lawsuit may impede a third party's ability to recover in a separate suit ordinarily does not give the third party a right to intervene." *Liberty Mut. Ins. Co.*, 419 F.3d at 224 (internal quotation marks omitted). When a tort claimant seeks to intervene in a declaratory judgment action brought by an insurance company to determine whether it must indemnify and defend its insured, the tort claimant's interest in the declaratory judgment action is "purely speculative" and entirely "contingent" on a favorable judgment in the tort action against the insured. *Mt. Hawley Ins. Co.*, 425 F.3d at 1311. Indeed, "[u]ntil the tort claimants have obtained a judgment against [the alleged tortfeasor-insured], their interest in the subject matter of [the declaratory judgment action] is purely hypothetical." *Indep. Petrochemical Corp. v. Aetna Cas. & Sur. Co.*, 105 F.R.D. 106, 110 (D.D.C. 1985) (holding that "[a]bsent a present, noncontingent interest in the insurance policies at issue in the underlying declaratory judgment action, the tort claimants lack the significantly protectable interest required for intervention as of right") (internal quotation marks omitted), *aff'd*, 784 F.2d 1131 (D.C. Cir. 1986). Accordingly, seeking "sufficient resources to satisfy any judgment [a party] might obtain" in a separate action is an "interest [that] is too remote and indirect" to the declaratory judgment action "to qualify as a cognizable interest under Rule 24(a)(2)," particularly without evidence that the tortfeasor cannot satisfy the potential judgment absent insurance. *Med. Liab. Mut. Ins. Co.*, 485 F.3d at 1008; *accord Mt. Hawley Ins. Co.*, 425 F.3d at 1311.

While the Second Circuit has not yet decided whether a subrogee may intervene in a declaratory judgment action brought by an insurer against its insured, this court has denied a request to intervene in similar circumstances. In *Standard Fire Ins. Co. v. Donnelly*, 2009 WL 1349948 (D. Vt. May 12, 2009), the proposed-intervenors filed suit in state court seeking a determination of whether the insured was jointly liable to the proposed-intervenors under theories of agency, negligent entrustment, and conspiracy for an earlier judgment obtained against the insured's husband. The insured's insurance company then filed a declaratory judgment action in federal court against the insured

5

seeking a declaration that it had no duty to defend or indemnify the insured in the state court action. Thereafter, the proposed-intervenors sought to intervene in the federal declaratory judgment action. The court denied intervention, explaining that because the proposed-intervenors' interest in the declaratory judgment action "depend[ed] entirely upon the determination" in the separate and still-pending state court action, "their interest [was] a speculative, contingent interest and not one that [was] under the law direct and legally protectable." *Id.* at *3 (relying on *Kheel v. Am. S.S. Owners Mut. Prot. & Indem. Ass'n*, 45 F.R.D. 281, 284 (S.D.N.Y. 1968), in which the district court held that the "mere existence of a third person's contingent interest in the outcome of pending litigation is insufficient to warrant intervention").

The District of Connecticut has also recognized that "federal courts have declined to permit intervention" when "any interest [the proposed-intervenor] may have in the terms of the insurance contract between [separate parties] is wholly contingent upon [the proposed-intervenor's] ultimate success in the underlying action, which remains pending in state court." *Penn-Am. Ins. Co. v. Allied Homes, LLC*, 2012 WL 3727959, at *1 (D. Conn. Jan. 18, 2012); *see also Known Litig. Holdings, LLC v. Navigators Ins. Co.*, 2014 WL 6388787, at *6 (D. Conn. Nov. 14, 2014) (noting that courts that have denied intervention in the "context of a tort victim's motion to intervene in an action by an insurance company against an insured alleged tortfeasor for a declaratory judgment that the tortfeasor is not covered by the insurance policy . . . have generally done so out of concern about the contingent nature of a tort victim's interest before judgment enters in the tort suit") (citations omitted).

Here, any interest Acadia might have in this declaratory judgment action is entirely contingent on its obtaining a judgment against Ordway in the Subrogation Action. Accordingly, Acadia does not presently have a direct, substantial, and legally protectable interest sufficient to intervene as of right pursuant to Rule 24(a)(2). *See Bridgeport Guardians, Inc. v. Delmonte*, 602 F.3d 469, 473 (2d Cir. 2010) ("For an interest to be cognizable by Rule 24(a)(2), it must be 'direct, substantial, and legally protectable.'") (quoting *Wash. Elec. Coop., Inc.*, 922 F.2d at 97); *see also MasterCard*

*Int'l Inc.*, 471 F.3d at 389 (indicating that a party that is not necessary under Rule 19(a) cannot satisfy the test for intervention as of right under Rule 24(a)(2)). The court therefore DENIES Acadia's motion to intervene as of right. *See In re Bank of N.Y. Derivative Litig.*, 320 F.3d at 300 (failing to satisfy "*any one*" of the "requirements" for intervention as of right is a "sufficient ground" to deny the motion).

### B.    Whether To Grant Permissive Intervention.

If intervention as of right is not warranted, a district court may nonetheless "grant a motion for permissive intervention if the application is timely and if the 'applicant's claim or defense and the main action have a question of law or fact in common.'" *In re Holocaust Victim Assets Litig.*, 225 F.3d 191, 202 (2d Cir. 2000) (quoting Fed. R. Civ. P. 24(b)). In the exercise of its discretion, the court considers "the nature and extent of the intervenors' interests, the degree to which those interests are adequately represented by other parties, and whether parties seeking intervention will significantly contribute to full development of the underlying factual issues in the suit and to the just and equitable adjudication of the legal questions presented," as well as "whether the intervention will unduly delay or prejudice the adjudication of the rights of the original parties." *H.L. Hayden Co. of N.Y., Inc. v. Siemens Med. Sys., Inc.*, 797 F.2d 85, 89 (2d Cir. 1986) (internal quotation marks and citations omitted). "A district court's discretion under Rule 24(b) is broad." *Restor-A-Dent Dental Labs., Inc. v. Certified Alloy Prods., Inc.*, 725 F.2d 871, 876 (2d Cir. 1984).

In this case, Acadia filed a motion to intervene within one month of Ordway's Complaint, and Peerless makes no claim of prejudice or delay. The motion to intervene is thus timely. *See United States v. State of New York*, 820 F.2d 554, 557 (2d Cir. 1987) (noting "factors to be taken into account to determine whether a motion to intervene is timely" include: "the length of time the applicant knew or should have known of his [or her] interest before making the motion" and "prejudice to existing parties resulting from the applicant's delay").

Acadia contends there is also a common issue of law when "two insurers contest whether coverage exists under one of their policies." (Case No. 2:14-cv-190; Doc. 7 at

7

7.) Peerless disagrees, arguing that there is no common question of law or fact between the Subrogation Action and this action because Acadia is "a stranger to" the Ordway Policy and because the Ordway Policy has no bearing on whether Acadia has a viable claim in the Subrogation Action. (Case No. 2:14-cv-190; Doc. 17 at 2-3.) The court agrees.

In its Complaint, Peerless alleges that the Ordway Policy "does not afford coverage for products-completed operations as set forth by the terms and conditions of the policy" and that "the matters claimed against [Ordway] are excluded by the terms and conditions of the policy." (Case No. 2:14-cv-190; Doc. 1 at 2-3, ¶ 11.) The resolution of this case therefore "turns on the interpretation of the contract[] of insurance between [Peerless] and [Ordway]" and the merits of Acadia's allegations against Ordway in the Subrogation Action "have nothing to do with interpreting [Ordway's] insurance polic[y] with [Peerless]." *Liberty Mut. Ins. Co.*, 419 F.3d at 228 (affirming district court's ruling that a tort claimant could not demonstrate "common questions of law or fact between the coverage dispute and [the] actions to determine liability"); *see also Mt. Hawley Ins. Co.*, 425 F.3d at 1312 (affirming denial of permissive intervention because the "issue of insurance coverage" in the declaratory judgment action was "irrelevant to" and "unrelated to the issue of fault" in the tort action). Moreover, because it is the *nature* of Acadia's claims in the Subrogation Action, rather than their *merits*, which is at issue in this declaratory judgment action, there are no common facts to be determined, nor common legal issues to be resolved in the adjudication of the two actions.

Unlike where defense and indemnification obligations to an insured may arise under multiple policies issued by multiple insurers, Acadia is not a competing insurer, and thus its participation in this case is likely to consist of nothing more than offering an opinion regarding the proper interpretation of another insurer's policy. *See Donnelly*, 2009 WL 1349948, at \*4 (denying permissive intervention because the tort claimants had "no commonality" with the insured or the insurance company and so were "truly non-aligned" in the action). Because Acadia has failed to explain how the matters it seeks to litigate in the Subrogation Action overlap with any "claim or defense" it may assert in the

8

pending action, the requirement of a common question of law or fact has not been satisfied. *See* Fed. R. Civ. P. 24(b)(1)(B) (requiring the proposed-intervenor to have "a claim or defense that shares with the main action a common question of law or fact").

Acadia also offers no persuasive argument that it "will significantly contribute to full development of the underlying factual issues in the suit and to the just and equitable adjudication of the legal questions presented." *H.L. Hayden Co. of N.Y., Inc.*, 797 F.2d at 89 (internal quotation marks omitted). Moreover, it does not respond to Peerless's claim that Acadia's participation will needlessly delay an appropriate resolution. *See* Fed. R. Civ. P. 24(b)(3) (requiring court to "consider whether [permissive] intervention will unduly delay or prejudice the adjudication of the original parties' rights"). Because Acadia has failed to establish that its participation in this lawsuit will enhance the likelihood of a just and prompt adjudication, permissive intervention is not warranted.

Finally, Ordway has every incentive to pursue the desired outcome that gives rise to Acadia's request to intervene: a declaration that Peerless is obligated to defend and indemnify Ordway under the terms of the Ordway Policy in the Subrogation Action. When the ultimate interests of the existing party and the party seeking intervention are "so similar . . . adequacy of representation [is] assured." *Brennan*, 260 F.3d at 132-33; *accord Wash. Elec. Coop., Inc.*, 922 F.2d at 98 (noting that when there is an overlap in "an identity of interest between a putative intervenor and a party, adequate representation is assured"). Any interest Acadia may have in this action is thus "adequately represented" by Ordway. *H.L. Hayden Co. of N.Y., Inc.*, 797 F.2d at 89 (internal quotation marks omitted).

For the reasons set forth above, Acadia's motion for permissive intervention pursuant to Rule 24(b)(1)(B) is DENIED. *See Restor-A-Dent Dental Labs., Inc.*, 725 F.2d at 876 (allowing a district court "broad" discretion under Rule 24(b)). Because it has denied intervention, the court does not reach the question of whether intervention would have destroyed the court's diversity jurisdiction. *See Wichita R.R. & Light Co. v. Pub. Utils. Comm'n of Kan.*, 260 U.S. 48, 54 (1922) (concluding that diversity

jurisdiction is not "defeated by the intervention, by leave of the court, of a party whose presence is not essential to a decision of the controversy between the original parties").

## CONCLUSION

For the foregoing reasons, the court DENIES Acadia's motion to intervene as of right, pursuant to Fed. R. Civ. P. 24(a)(2), and DENIES Acadia's motion for permissive intervention, pursuant to Fed. R. Civ. P. 24(b)(1)(B). (Doc. 2.)

SO ORDERED.

Dated at Burlington, in the District of Vermont, this __26__ day of January, 2015.

Christina Reiss, Chief Judge
United States District Court