UNITED STATES DISTRICT COURT
*for the*
DISTRICT OF VERMONT

| | |
|---|---|
| PEERLESS INSURANCE COMPANY,<br>  Plaintiff, | )<br>)<br>) |
| v. | )   Case No. 2:14-cv-190 |
| ORDWAY ELECTRIC AND<br>MACHINE, INC.,<br>  Defendant. | )<br>)<br>)<br>) |

### MOTION FOR SUMMARY JUDGMENT

NOW COMES Plaintiff PEERLESS INSURANCE COMPANY, by and through its counsel, HAYES & WINDISH, pursuant to Fed. R. Civ. P. 56 and Local Rule 7, and hereby MOVES this Honorable Court for SUMMARY JUDGMENT in its favor, on Plaintiff's request for a declaration that it owes no defense and indemnity to Defendant Ordway Electrical and Machine, Inc., in connection with an underlying subrogation claim brought by The Acadia Insurance Company in the matter of *The Acadia Insurance Company v. Ordway Electric and Machine, Inc.*, Case No. 2:14-cv-115. In support of this motion, Plaintiff relies on its Statement of Undisputed Material Facts, submitted of even date herewith, the within Memorandum of Law, and further hereby states as follows.

### Introduction

Plaintiff Peerless Insurance Company ("Peerless") is entitled to summary judgment because Defendant Ordway Electric and Machine, Inc. ("Ordway") cannot meet its burden to prove that the underlying subrogation claim brought by The Acadia Insurance Company ("Acadia") falls within coverage afforded by the Peerless insurance policy, for the simple reason

HAYES & WINDISH
A PROFESSIONAL CORPORATION
ATTORNEYS AT LAW
46 PLEASANT STREET
WOODSTOCK, VT 05091
(802) 457-2123

00169402.WPD:    1

that the subject Policy does not provide "products – completed operations" coverage. In the alternative, should Ordway demonstrate that the claim at issue falls within the scope of the coverage provided by the policy, Peerless is entitled to summary judgment since a Policy exclusion for the products-completed operations hazard, prohibits the extension of coverage for the underlying claim. Because there are no genuine issues of material fact; and further, since Peerless is entitled to judgment as a matter of law, summary judgment should be granted to Plaintiff Peerless Insurance Company.

## Memorandum of Law

### I.   Summary Judgment Standard

Summary judgment is appropriate where the parties' submissions demonstrate that there is no genuine issue as to any material fact, and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56. The Court must resolve ambiguities and draw inferences in favor of the non-moving party. **Salahuddin v. Goord**, 467 F.3d 263, 272 (2d Cir., 2006) (internal citation omitted). To overcome such a motion, the non-moving party must offer sufficient proof to allow a reasonable fact finder to decide in its favor. The court's function is not to resolve disputed issues of fact, but only to determine whether there is a genuine issue of material fact to be tried. **Anderson v. Liberty Lobby, Inc.**, 477 U.S. 242, 255 (1986). "There is no material fact issue only when reasonable minds cannot differ as to the import of the evidence before the court." **Commander Oil Corp. v. Advance Food Serv.**, 991 F.2d 49, 51 (2d Cir.1993).

"To avoid summary judgment, the non-moving party must offer more than 'mere speculation and conjecture,' as the 'mere existence of some alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the

HAYES & WINDISH
A PROFESSIONAL CORPORATION
ATTORNEYS AT LAW
46 PLEASANT STREET
WOODSTOCK, VT 05091
(802) 457-2123

00169402.WPD:                    2

requirement is that there be no genuine issue of material fact.'" ***Betz v. Highlands Fuel Delivery, LLC***, 2013 WL 392480, at *5 (D. Vt. Jan. 31, 2013) (internal citations omitted). Only "disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment. Factual disputes that are irrelevant or unnecessary will not be counted." ***Anderson***, 477 U.S. at 249 (1986).

**II.     Choice of Law**

Federal District courts must apply the choice of law rules of the state in which they sit when jurisdiction is based on diversity of citizenship. ***Hammond v. St. Michael's Coll.***, 2012 WL 6552361 (D. Vt., 2012). Since this case is based on diversity of citizenship of the parties, Vermont's choice of laws rules apply.

In deciding what law governs the construction of an insurance contract, Vermont courts apply the "most significant relationship" test from § 188 of the Restatement 2nd of Conflict of Laws. ***Pioneer Credit Corp. V. Carden***, 127 Vt. 229 (1968). The factors to be considered under this test are: (1) the place of contracting, (2) the place of negotiations of the contract, (3) the place of performance, (4) the location of the subject matter of the contract, and (5) the domicile residence, nationality, place of incorporation and place of business of the parties. The most important factor is the principal location of the insured risk. Id.

The Policy that is the subject of this action was issued in the State of Vermont. Statement of Undisputed Facts ("SUMF"), ¶ 1. Ordway is a Vermont corporation in good standing with its principal place of business in Washington County, Vermont. Id. ¶ 2. Ordway is calling upon Peerless to defend and indemnify it from a lawsuit pending in Vermont. Accordingly, the most significant relationships exist in Vermont. Vermont law should be applied to the issues before

HAYES & WINDISH
A PROFESSIONAL CORPORATION
ATTORNEYS AT LAW
45 PLEASANT STREET
WOODSTOCK, VT 05091
(802) 457-2123

00169402.WPD:                                3

the Court.

### III.    Factual Background

#### A.    Acadia's claims and Ordway's work

Acadia Insurance, as subrogee, filed a complaint against Ordway in United States District Court for the District of Vermont, seeking recovery for property damages as a result of a fire that occurred on or about December 20, 2012 at the business of its insured, Houle Brothers Granite Company ("Houle Bros."). SUMF, ¶¶ 3, 4. In the underlying subrogation action, Acadia contends that the fire was caused by Ordway's negligence in performing electrical work for its insured, Houle Bros.. Id., ¶¶ 5, 6. Specifically, Acadia attributes the fire at its insured's business premises to the installation of a 240-volt outlet on or before December 20, 2012. Id. Acadia alleges that a fire occurred when the heat tape was plugged into the wall, (and thus put to its intended use). Id., ¶ 6. Acadia asserts that the fire resulted from an improperly sized outlet installed in connection with heat tape around an oil supply line. Id. Ordway has been apprised of Acadia's claims. Id., ¶ 7.

More than one year prior to the fire, Ordway performed electrical work to install a controller for the heat tape around the oil supply line at the Houle Brothers facility, where Acadia alleges the fire originated. Id., ¶¶ 8, 9. After the controller was installed, Ordway did not perform any additional work in connection with the heat tape or the controller. Id. ¶10. Thereafter, the controller connected to the heat tape remained at the Houle Bros. facility and, according to Acadia, was put to its intended use. Id. ¶ 6.

#### B.    Peerless Policy

Peerless Insurance issued Policy number CBP 8619903 to Ordway with a policy period

HAYES & WINDISH  
A PROFESSIONAL CORPORATION  
ATTORNEYS AT LAW  
46 PLEASANT STREET  
WOODSTOCK, VT 05091  
(802) 457-2123

00169402.WPD:                                             4

from January 14, 2012 – January 14, 2013. Id., ¶ 1. Relevant policy language is cited below:

> Section I - Coverages, Coverage A, Bodily Injury and Property Damage Liability
>
> 1.  Insuring Agreement:
>
>     a.  We will pay those sums that the insured becomes legally obligated to pay as damages because of "bodily injury" or "property damage" to which this insurance applies. We will have the right and duty to defend the insured against any "suit" seeking those damages. However, we will have no duty to defend the insured against any "suit" seeking damages for "bodily injury" or "property damage" to which this insurance does not apply. We may, at our discretion, investigate any "occurrence" and settle any claim or "suit" that may result. But:
>
>         (1) The amount we will pay for damages is limited as described in Section III- Limits Of Insurance; and
>
>         (2) Our right and duty to defend ends when we have used up the applicable limit of insurance in the payment of judgments or settlements under Coverages A or B or medical expenses under Coverage C.
>
>     No other obligation or liability to pay sums or perform acts or services is covered unless explicitly provided for under Supplementary Payments - Coverages A and B.

Exhibit 1, (CG 00 01 10 01).

The Policy also includes the following definition of the "products-completed operations hazard" which provides in relevant part:

> 16. "Products-completed operations hazard":
>     a.  Includes all "bodily injury" and "property damage" occurring away from premises you own or rent and arising out of "your product" or "your work" except:
>         (1) Products that are still in your physical possession; or
>         (2) Work that has not yet been completed or abandoned. However, "your work" will be deemed completed at the earliest of the

HAYES & WINDISH
A PROFESSIONAL CORPORATION
ATTORNEYS AT LAW
45 PLEASANT STREET
WOODSTOCK, VT 05091
(802) 457-2123

00169402.WPD:                    5

        following times:
(a) When all of the work called for in your contract has been completed.
(b) When all of the work to be done at the job site has been completed if your contract calls for work at more than one job site.
(c) When that part of the work done at a job site has been put to its intended use by any person or organization other than another contractor or subcontractor working on the same project.

Work that may need service, maintenance, correction, repair or replacement, but which is otherwise complete, will be treated as completed.

Exhibit 1, (CG 00 01 10 01).

The Policy included the following endorsements:

    Exclusion-Products-Completed Operations Hazard
    This endorsement modifies insurance provided under the following:
    COMMERCIAL GENERAL LIABILITY COVERAGE PART
    This insurance does not apply to "bodily injury" or "property damage" included within the "products-completed operations hazard."

Exhibit 1, (Exclusion-Products-Completed Operations Hazard - Form CG 21 04 11 85).

The Policy declarations page includes the following notation for the limit of insurance:

**Products/Completed Operations Aggregate Limit    EXCLUDED**

Exhibit 1, Commercial General Liability Coverage Part Declarations (22-19 12/02).

### IV.    Argument

    **A.    <u>Summary judgment should be granted to Peerless Insurance because Ordway cannot meet its burden to prove that Acadia's underlying subrogation claim against it falls within the coverage afforded by the Policy.</u>**

HAYES & WINDISH
A PROFESSIONAL CORPORATION
ATTORNEYS AT LAW
46 PLEASANT STREET
WOODSTOCK, VT 05091
(802) 457-2123

00169402.WPD:    6

Defendant cannot meet its burden to establish coverage. That is because Acadia's underlying subrogation claim falls within the Policy definition of "products-completed operations hazard" and the Policy declarations expressly state that products-completed operations coverage is "EXCLUDED" by the insurance Policy. The Policy declarations page includes the following notation for the limit of insurance:

**Products/Completed Operations    EXCLUDED**

The Policy clearly indicates that the underlying claim falls within the products-completed operations hazard. The underlying claimed damages occurred after Ordway had completed its installation of an electrical plug into a heat tape cord at the Houle Brothers, Inc. building where the fire is alleged to have occurred. SUMF, ¶¶ 4-6; 8-11. The installation work was completed on or around November 7 and 8, 2011 – a year before the fire. Id. ¶¶ 8-10. The heat tape was put to its intended use, as evidenced by the allegations that the fire originated as a result of an electrical malfunction with the heat tape. Id. ¶ 6. The underlying claimed damages are also alleged to have occurred away from premises owned or rented by Ordway (they were owned by Houle Brothers, Inc.). Id. Based on these facts, the Policy's "products-completed operations hazard" definition applies, and no exception returns coverage.

The underlying claims do not fit the exception that is stated in paragraph (1) of the Policy definition for "products-completed operations." This is because the alleged defective work at issue in the underlying lawsuits were not in Ordway's physical possession at the time of the subject fire loss. Id. ¶¶ 5-12.

The underlying claims do not fit the exception that is stated in paragraph (2) of the Policy definition for "products-completed operations." This is because Ordway had completed its

HAYES & WINDISH
A PROFESSIONAL CORPORATION
ATTORNEYS AT LAW
46 PLEASANT STREET
WOODSTOCK, VT 05091
(802) 457-2123

00169402.WPD:                    7

installation work vis a vis the heat tape at Houle Bros., more than one year prior to the alleged fire and property damage in connection with Acadia's underlying subrogation claim.

An examination of the Declarations reveals that "products-completed operations" are not an included coverage. Rather, that coverage is expressly "excluded." Ordway neither purchased, nor paid, a premium for products-completed operations coverage. SUMF, ¶ 13. The Policy simply does not afford coverage for products-completed operations. Accordingly, the Defendant cannot meet its burden to show that coverage is afforded under Coverage A, Bodily Injury and Property Damage Liability.

The burden of establishing coverage is on the insured, while the burden of establishing the applicability of an exclusion is on the insurer. ***Jacobs v. Loyal Protective Ins. Co.***, 97 Vt. 516, 124 A. 848, 849-50 (1924). In no event is the court to rewrite the policy to provide coverage where none exists. ***City of Burlington v. Associated Elec. & Gas Ins. Servs., Ltd.***, 164 Vt. 218, 222, 669 A.2d 1181, 1183 (1995).

The interpretation of the meaning of an insurance policy is a question of law. ***State Farm Mut. Auto. Ins. Co. v. Colby***, 2013 VT 80, ¶ 8. In construing an insurance policy, the words must be given their plain meaning, consistent with the reasonable expectations, objectives, and intent of the parties. ***Co-operative Ins. Companies v. Woodward***, 2012 VT 22, ¶ 9. In interpreting an insurance policy, the entire policy must be considered and not just isolated provisions or clauses. ***Trinder v. Connecticut Attorneys Title Ins. Co.***, 2011 VT 46, ¶ 19.

Where insurance policies are unambiguous, the rules of construction are inapplicable, and absent a public policy to the contrary, the policy will be enforced as written. "The construction must be reasonable and not such as to deprive the insurer of the benefit of an unambiguous

HAYES & WINDISH
A PROFESSIONAL CORPORATION
ATTORNEYS AT LAW
48 PLEASANT STREET
WOODSTOCK, VT 05091
(802) 457-2123

00169402.WPD;   8

provision placed therein for its protection." *Town of Troy v. Am. Fid. Co.*, 120 Vt. 410, 417 (1958). Ambiguity is found "[i]f a term is subject to more than one reasonable interpretation." *Sperling v. Allstate Indem. Co.*, 182 Vt. 521, 524 (2007). An ambiguity is resolved in favor of the insured. Id. Even so, courts are not authorized to create an ambiguity where none exists. Id.

Because Ordway cannot meet its burden to establish the applicability of any coverage, and the exclusion of coverage for products/completed operations is unambiguous, the court should grant summary judgment in favor of Peerless Insurance. A second basis to deny coverage, based on a Policy endorsement exclusion, is discussed below.

**B.    Summary Judgment should be granted to Peerless Insurance because the underlying claims are specifically excluded in the Policy.**

Defendant cannot meet its burden to establish coverage. That is because the underlying claim falls within the Policy definition of "products-completed operations hazard" and the Policy endorsement expressly excludes products-completed operations coverage from the coverage agreement.

The subject Policy includes the following endorsement which excludes products/completed operations coverage:

> Exclusion-Products-Completed Operations Hazard
> This endorsement modifies insurance provided under the following:
> COMMERCIAL GENERAL LIABILITY COVERAGE PART
> This insurance does not apply to "bodily injury" or "property damage" included within the "products-completed operations hazard."

An exclusion provision in an insurance Policy, by definition, excludes risk. "Policies which specifically and unambiguously exclude coverage are effective to preclude the insurer's liability." *Am. Fid. Co. v. Elkins*, 125 Vt. 313, 315 (1965). An exclusion is a Policy provision

HAYES & WINDISH
A PROFESSIONAL CORPORATION
ATTORNEYS AT LAW
46 PLEASANT STREET
WOODSTOCK, VT 05091
(802) 457-2123

00169402.WPD:                    9

which declares that certain causes of loss, or certain consequences of an insured event are not covered by the Policy. Id.

As discussed above, the underlying claim involving a fire at Houle Brothers Granite Company falls within the Policy definition of "products-completed operations." Ordway's work was completed and had been put to its intended use. It was no longer in Ordway's possession. Accordingly, the Policy endorsement which contained the exclusion for "products-completed operations" applies. No coverage for products-completed operations" is afforded by the Policy as it is expressly excluded from the coverage agreement.

### C.    Peerless has no duty to defend Ordway in the underlying subrogation action because the Policy does not afford coverage for Acadia's underlying subrogation claim.

An insurer's duty to defend exists when the complaint in the underlying actions states some grounds of liability covered by the insured's insurance policy. ***Garneau v. Curtis & Bedell, Inc.,*** 158 Vt. 363, 366 (1992). Therefore, the court compares the language of the insurance policy with the allegations in the complaint as alleged by the complaining party who suffered injuries or damage. A duty to defend arises if the complaint alleges facts which state a claim potentially within the policy's coverage. Id. However, no duty to defend arises where the underlying claim is outside the coverage of the insurance policy. Id.

As discussed in Part IV, Sections 1 and 2 above, Acadia's claims in the underlying subrogation action fall outside the coverage of the Policy. Thus, Peerless has no duty to defend Ordway in the underlying action.

### Conclusion

Ordway cannot meet its burden to show that the Policy affords any coverage for the claim

HAYES & WINDISH
A PROFESSIONAL CORPORATION
ATTORNEYS AT LAW
46 PLEASANT STREET
WOODSTOCK, VT 05091
(802) 457-2123

00169402.WPD:                    10

set forth in the underlying lawsuit. Specifically Ordway cannot show that the Policy provides coverage for "products-completed operations." In addition, coverage for "products-completed operations" is expressly excluded by the terms of the Policy and Ordway cannot overcome this exclusion.

Because coverage is not afforded under the insurance Policy based upon the undisputed material facts, Peerless Insurance does not have a duty to either defend or indemnify Ordway for the claims asserted in the underlying lawsuit.

WHEREFORE, for the foregoing reasons, and pursuant to Fed. R. Civ. P. 56, Plaintiff Peerless Insurance Company hereby MOVES this Honorable Court for SUMMARY JUDGMENT in its favor, and for a declaration that Peerless Insurance has no duty to defend or indemnify Defendant Ordway Electric and Machine, Inc., and further requests all such other relief as this Honorable Court deems just and appropriate under the circumstances.

DATED at Woodstock, Vermont this 6TH day of May, 2015.

/s/ Richard Windish
Richard Windish, Esq.
**HAYES & WINDISH**
45 Pleasant Street
Woodstock, VT 05091
802.457.2123 (fax) 457.3656
rwindish@hayes-windish.com
ATTORNEYS FOR PLAINTIFF
PEERLESS INSURANCE COMPANY

cc:   Gary D. McQuesten, Esq.

HAYES & WINDISH
A PROFESSIONAL CORPORATION
ATTORNEYS AT LAW
45 PLEASANT STREET
WOODSTOCK, VT 05091
(802) 457-2123

00169402.WPD:                                    11